Filed 12/9/15  P. v. Terra CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>JOSE ANTONY TERRA,<br><br>        Defendant and Appellant. | A145039<br><br>(Alameda County<br>Super. Ct. No. H55589) |

Defendant Jose Antony Terra appeals from a judgment entered after his plea of no contest to a charge of kidnapping.  His counsel has raised no issues and asks this court for an independent review of the record to determine whether there are any issues that would, if resolved favorably to defendant, result in reversal or modification of the judgment. (*People v. Kelly* (2006) 40 Cal.4th 106; *People v. Wende* (1979) 25 Cal.3d 436; see *Smith v. Robbins* (2000) 528 U.S. 259.)  Counsel notified defendant that he may file a supplemental brief with the court, but defendant did not submit his own brief.  Upon independent review of the record, we conclude no arguable issues are presented for review and affirm the judgment.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

### *Charges*

Defendant was charged with stalking (Pen. Code, § 646.9, subd. (a)), kidnapping (Pen. Code, § 207, subd. (a)), making a criminal threat (Pen. Code, § 422), corporal injury to a spouse or cohabitant (Pen. Code, § 273.5, subd. (a)), assault with a deadly weapon (Pen. Code, § 245, subd. (a)(1)), two counts of witness tampering (Pen. Code,

§ 136.1, subd. (a)(2)), and six counts of disobeying a court order (Pen. Code, § 166, subd. (c)(1)). In addition, the information alleged use of a deadly weapon in connection with four of the charges (Pen. Code, § 12022, subd. (b)(1)) and infliction of serious injury on a domestic partner in connection with two counts, including the charge of kidnapping (Pen. Code, § 12022.7, subd. (e)).

### Facts

According to the probation report, early on the morning of May 9, 2013, a Livermore police officer observed a pickup truck come to a sudden stop and pulled up behind it. A woman left the passenger door and ran 15 to 20 feet away. She was bloody, and her hair was disheveled. Defendant left through the driver's side door and was ordered to the ground and handcuffed. He was found to be carrying a knife.

During a later interview, the victim told police she was romantically involved with defendant. In a jealous rage the prior evening, defendant forced her into his truck and drove her around for six hours. He told her he would kill her with a knife if she tried to leave the truck, made other threats, and repeatedly slapped her and held the knife against her. After his arrest, defendant attempted to contact the victim from jail, in violation of an emergency protective order.

### Verdict and Sentence

Defendant pleaded no contest to one count of kidnapping and admitted the allegation he inflicted great bodily injury on a domestic partner. The remaining charges were dismissed. He was sentenced to seven years in prison under the terms of the plea agreement.

### Trial Court Ruling

Prior to sentencing, defendant filed a motion to withdraw his plea on the ground of conflict of interest of his attorney, who had been permitted to withdraw soon after the plea hearing. The plea withdrawal motion was accompanied by a declaration from the victim, who stated she had retained defendant's attorney. Without defendant's knowledge, she said, she told the attorney she wanted a quick resolution of the case because she did not want to testify against defendant. The attorney agreed to pursue a

plea bargain if he was retained. The victim hired the attorney without consulting defendant and arranged for defendant's father to sign the retainer agreement. Defendant also filed a declaration, stating he was unaware the victim had retained his attorney and would not have agreed to the representation had he known. According to defendant, the attorney refused to meet with him or prepare the case, insisting defendant agree to a plea bargain. Defendant unwillingly agreed.

At the hearing on the motion, the victim repeated the account provided in her declaration. During cross-examination, she acknowledged she had married defendant during his detention, around the time defendant retained a new attorney. Her testimony was impeached with recordings of jail conversations between her and defendant, in which he appeared to encourage her to participate in a scheme to falsify the grounds for his motion to withdraw his plea. The trial court denied the motion, noting the victim's testimony "has seriously been impeached by the jail calls. And at one point, she stated she never even met [defendant's first attorney]."

## DISCUSSION

Having independently reviewed the entire record, we find no arguable issue that would result in a disposition more favorable to defendant, and there are no issues requiring further briefing. We found no error in the conduct of defendant's plea hearing, there was a clear factual basis to support his no contest plea, and the court's sentence was consistent with the plea agreement. There was no error in the denial of defendant's motion to withdraw his plea. The trial court's conclusion that the testimony of defendant and the victim was not credible was supported by substantial evidence. (*People v. Breslin* (2012) 205 Cal.App.4th 1409, 1415–1416 [denial of motion to withdraw plea affirmed if factual findings are supported by substantial evidence].)

## DISPOSITION

The judgment is affirmed.

3

_____

Margulies, J.

We concur:

_____

Humes, P.J.

_____

Banke, J.

A145039
*People v. Terra*

4